IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CV-165-BO

| | |
|---|---|
| DAVID JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     O R D E R |
| | ) |
| CAROLYN W. COLVIN, | ) |
| *Acting Commissioner of Social Security*, | ) |
| | ) |
| Defendant. | ) |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on November 1, 2016, in Edenton, North Carolina. For the reasons discussed below, this matter is remanded to the Acting Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Titles II and XVI of the Social Security Act. Plaintiff protectively filed his applications on July 31, 2013, alleging disability beginning December 1, 2011. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. See 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date. Plaintiff's osteoarthritis of the bilateral knees, essential hypertension, diabetes mellitus with diabetic neuropathy, obesity, depression, and anxiety disorder were considered severe impairments at step two, but were not found alone or in combination to meet or equal a listing at step three. The ALJ concluded that plaintiff had the RFC to perform light work with additional exertional limitations. The ALJ then found that plaintiff was unable to return to his past relevant work as a production assembler, but that, considering plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled from December 1, 2011, through the date of his decision.

The ALJ's decision in this instance is not supported by substantial evidence. An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a). An RFC should reflect the most that a claimant can do, despite the claimant's limitations. *Id.* An RFC finding should also reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006). The ALJ found plaintiff capable of standing/walking at the light level of exertion without any restrictions on standing/walking. Tr. 19. In finding plaintiff capable of light work with limitations, the ALJ had to conclude that plaintiff could walk for up to six hours in an eight hour day. 20 C.F.R. § 404.1567. These conclusions are not supported by the record.

First, the ALJ did not mention or weigh the medical opinion of the State Agency physician Dr. Perry Caviness. Dr. Caviness opined in March of 2014 that Mr. Jones was limited to sedentary work with occasional posturals and only two hours of standing/walking total in a work day. Tr. 113-15; 133-34. This is in direct contradiction to the findings of the ALJ, but they were not mentioned or addressed in the ALJ's opinion. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p. Thus, remand is appropriate in order for the ALJ to address the opinion of Dr. Caviness.

Second, the ALJ's RFC for light work conflicts with Dr. Staneata's medical opinion that Mr. Jones would need more frequent breaks from standing and walking than light work without standing or walking limitations allows. Tr. 355. Dr. Staneata's opinion indicated that plaintiff's "maximum functional capacity for standing and/or walking is light with more frequent breaks." Tr. 355.While the ALJ's opinion did find that plaintiff could be off-task no more than ten percent

4

of the time in an eight-hour workday, in addition to normal breaks (where normal breaks are defined as a fifteen-minute morning and afternoon break and a thirty to sixty minute lunch break), the ALJ's opinion found that no limitations on standing or walking were necessary for plaintiff. Tr. 19. This does not address Dr. Staneata's medical opinion that more frequent than normal breaks from walking and standing would be necessary for plaintiff, and the ALJ did not explain this discrepancy or explain why the more functionally restrictive RFC that Dr. Staneata recommended was not warranted.

Next, the ALJ failed to account for the opinion or findings of the treating Nurse Practitioner, Ms. Hathaway. The ALJ summarily discounted NP Hathaway's opinion by stating that Ms. Hathaway's assessment was completed on a check-the-box form and the only rationale included was a list of diagnoses, symptoms, and medications. The ALJ thereafter concluded that, because the objective clinical and diagnostic findings discussed in the ALJ's decision demonstrate that plaintiff was capable of a light range of exertion with additional limitations, NP Hathaway's assessments would be given little weight. Tr. 25. The ALJ also discounted NP Hathaway's opinion because it was not an acceptable medical source. Tr. 25.

If an opinion from a treating source is well-supported by and consistent with the objective medical evidence in the record, it may be entitled to controlling weight. 20 C.F.R. §§ 404.1527(c), 416.927(c). Where an opinion is inconsistent with other evidence in the record, the ALJ need not give that opinion any significant weight. *Id.*; *see also Craig v. Chater*, 76 F.3d at 585, 590 (4th Cir. 1996) ("[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight."). However, ALJ's decision to do so must be accompanied by "a narrative discussion" that discusses "how the evidence supports each conclusion," such that the ALJ's decision is

5

sufficiently specific to make it clear to a reviewing district court "why the opinion was not adopted." *See* SSR 96-8p.

The regulations provide that a physical therapist is not an "acceptable medical source" and therefore cannot issue a "medical opinion." 20 C.F.R. §§ 404.1513(a), 404.1527(a)(2), 416.913(a), 416.927(a)(2). However, such opinions cannot be ignored. As this Court has held,

> the Social Security Commission has recognized, as evidenced by SSR 06-03p, that health care is no longer only delivered by licensed physicians. Those medical professionals who support physicians, including physician assistants, nurse practitioners, and licensed clinical social workers, provide much of the care currently administered to patients. SSR 06-03p dictates that ALJs must at least consider the opinions of these non-acceptable medical sources, especially when there is evidence in the record to suggest that a non-acceptable medical source had a lengthy relationship with the claimant and can present relevant evidence as to an opinion about the claimant's impairment or ability to work.

*Foster v. Astrue*, 826 F. Supp.2d 884, 886 (E.D.N.C. 2011). Here, NP Hathaway has provided all of plaintiff's physical medical management in recent years and prescribes all of his medication. Tr. 370-92; 308. The ALJ was required to at least consider NP Hathaway's opinion and provide a reasoned basis for discounting her findings, but as it stands, the ALJ's decision does not provide any basis on which this Court may review his conclusion as to the weight given to NP Hathaway's opinion. *See* 20 C.F.R. § 416.927.

Finally, the ALJ committed error in finding plaintiff's allegations and testimony non-credible. In evaluating a claimant's subjective complaints of pain, the ALJ is not to require objective clinical evidence of the existence and intensity of such pain. Instead, once a claimant has "met [his] threshold obligation of showing by objective medical evidence a condition reasonably likely to cause the pain claimed," the claimant is then "entitled to rely exclusively on subjective evidence to prove the second part of the test, i.e., that [his] pain is so continuous and/or so severe as to prevent [him] from working a full eight hour day." *Hines v. Barnhart*, 453

6

F.3d 559, 565 (4th Cir. 2006). Indeed, "[b]ecause pain is not readily susceptible of objective proof . . . *the absence of objective medical evidence of the intensity, severity, degree or functional effect of pain is not determinative.*" Hines, 453 F.3d at 564–65 (emphasis in original).

While the ALJ found that plaintiff had medical impairments that could reasonably be expected to produce plaintiff's alleged symptoms, the ALJ also concluded that plaintiff's subjective complaints were not entirely credible to the extent that they would preclude all work. Tr. 20. The Court recognizes that an ALJ's credibility determination should be afforded great deference, *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984), but finds here that the ALJ's decision to discredit plaintiff's statements regarding the persistence and intensity of his pain was in error in that the ALJ failed to consider plaintiff's statements in light of the above medical record evidence which was not properly weighed or addressed.

As one example, plaintiff complained of knee pain in both of his visits to NP Hathaway, on December 11, 2013 and on January 16, 2015. Tr. 386; 389. Additionally, in both of those visits NP Hathaway made a finding of "severe degenerative changes of knees" and indicated in the 2013 visit that this was indicated by X-rays taken of plaintiff's knees. *Id.* These findings lend additional objective support for plaintiff's allegation of persistent knee pain, but were apparently not considered at all by the ALJ because it was from a non-acceptable source. Failure to consider such evidence when evaluating plaintiff's credibility was in error.

Defendant does not dispute that the ALJ's RFC does not enjoy support from any of the medical sources on record or that each source opined functional restrictions greater than that found in the ALJ's RFC. Additionally, if plaintiff's complaints were properly regarded as credible, even if not entirely, and if the above medical opinion evidence was properly addressed and weighed, then plaintiff would be limited to performing no greater than sedentary work, and

may be found to be unable to perform any competitive work. 20 C.F.R. § 404.1567 (defining the exertional requirements for sedentary work); Tr. 72. Therefore, the result of the ALJ's failures to address or weigh the above evidence in accordance with the principles discussed was not harmless error and the matter should be remanded for further consideration.

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 17] is GRANTED and defendant's motion for judgment on the pleadings [DE 19] is DENIED. The decision of the ALJ is REMANDED to the Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this 20 day of January, 2017.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE